1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

VINCENT E. COFIELD,                    )      No. C 12-4556 LHK (PR)
                                       )
11              Petitioner,            )      ORDER GRANTING
                                       )      RESPONDENT'S MOTION TO
12       vs.                           )      DISMISS; DENYING CERTIFICATE
                                       )      OF APPEALABILITY
13                                     )
      MIKE MCDONALD, Warden,           )
14                                     )      (Docket No. 12)
                Respondent.            )
15  _____)

16

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his 2008 sentence imposed by the Superior Court of

Alameda County.  The Court issued an order to show cause.  In lieu of an answer, Respondent

has filed a motion to dismiss the petition as untimely and procedurally defaulted.  Petitioner has

filed an opposition, and Respondent has filed a reply.[1]  For the reasons stated below, the Court

---

[1] Petitioner has also filed a request and a motion for the Court to take judicial notice.  A
district court "may take notice of proceedings in other courts, both within and without the federal
judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v.
Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted)
(granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was
*pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se*
status).  Here, Petitioner requests the Court take judicial notice of potential errors during his plea
colloquy (doc. no. 16) and sentencing (doc. no. 17).  The Federal Rules of Civil Procedure do not
allow for judicial notice of this kind.  *See* Fed. R. Civ. P. 201(b) ("The court may judicially
notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily
determined from sources whose accuracy cannot reasonably be questioned.").  Accordingly,

1  GRANTS Respondent's motion to dismiss the petition as untimely.

2  **I.    BACKGROUND**

3          On July 17, 2008, Petitioner pleaded guilty to stalking, and assault with a deadly weapon,

4  with an enhancement for personal infliction of great bodily injury.  (Mot. at 1-2.)  Petitioner also

5  admitted four prior convictions.  (*Id.* at 2.)  On August 22, 2008, the trial court sentenced

6  Petitioner to a term of 17 years 8 months in state prison.  (*Id.*; Pet. at 2.)  Petitioner attempted to

7  appeal by filing a certificate of probable cause, which was denied.  (Mot. at 2.)  Thus, Petitioner

8  did not appeal.

9          On June 10, 2009, Petitioner filed his first state habeas petition in Superior Court, which

10  was denied on August 25, 2009.  (Mot. at 2, Ex.1.)  Petitioner then filed a state habeas petition in

11  the California Court of Appeal, which was denied on October 9, 2009.  (*Id.*, Ex. 2.)  Petitioner's

12  state habeas petition, filed in the California Supreme Court, was denied on April 14, 2010.  (*Id.*,

13  Ex. 3.)

14          On June 30, 2010, Petitioner filed a second state habeas petition in Superior Court.  (*Id.*,

15  Ex. 4.)  On August 27, 2010, the Superior Court denied it as untimely, successive, abusive, and

16  for failure to state a claim.  (*Id.*)

17          On March 22, 2012, Petitioner filed a third state habeas petition in Superior Court.  (*Id.*,

18  Ex. 5.)  On May 16, 2012, the Superior Court again denied the petition as untimely, successive,

19  abusive, and for failure to state a claim.  (*Id.*)

20          On June 5, 2012, Petitioner filed a fourth state habeas petition in Superior Court.  (*Id.*,

21  Ex. 6.)  On July 24, 2012, the Superior Court denied the petition as successive and abusive.  (*Id.*)

22          On July 11, 2012, Petitioner filed a motion for permission to file a late notice of appeal.

23  (*Id.*, Ex. 7.)  On September 11, 2012, the California Court of Appeal construed Petitioner's

24  motion as a state habeas petition, and denied it.  (*Id.*)

25          On October 9, 2012, Petitioner filed a state habeas petition in California Supreme Court.

26  (*Id.*, Ex. 8.)  On December 12, 2012, the California Supreme Court denied it.  (*Id.*)

27
28  Petitioner's request (doc. no. 16) and motion (doc. no. 17) for judicial notice are DENIED.

1   On August 30, 2012, Petitioner filed the underlying federal habeas petition.

2   **II.   DISCUSSION**

3       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

4   April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of

5   habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

6   convictions or sentences must be filed within one year of the latest of the date on which: (1) the

7   judgment became final after the conclusion of direct review or the time passed for seeking direct

8   review; (2) an impediment to filing an application created by unconstitutional state action was

9   removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

10  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

11  made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

12  have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time

13  during which a properly filed application for state post-conviction or other collateral review is

14  pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

15      The one-year period generally will run from "the date on which the judgment became

16  final by conclusion of direct review or the expiration of the time for seeking such review."  28

17  U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state court of appeals or

18  the state supreme court, but did not, the limitation period will begin running against him the day

19  after the date on which the time to seek such review expired.  *Gonzalez v. Thaler*, 132 S. Ct. 641,

20  653-654 (2012).  Here, Petitioner's conviction became final on October 21, 2008 – 60 days after

21  his sentencing on August 22, 2008.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006)

22  (because California prisoner did not appeal his conviction, process of direct review became final

23  60 days after conviction); Cal. Rule of Court 8.308(a).  Thus, Petitioner had until October 21,

24  2009 to file his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.

25  2001).  Petitioner's federal petition, filed on August 30, 2012, therefore, is untimely.

26      The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

27  which a properly filed application for State post-conviction or other collateral review with

28  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, the

1    limitations period was tolled for 308 days – from June 10, 2009 through April 14, 2010.  Thus,

2    Petitioner's statute of limitations extended for 308 days, making Petitioner's new deadline

3    August 25, 2010.  Respondent argues, and the Court agrees, that Petitioner's next state habeas

4    petition, filed on June 30, 2010, did not toll the statute because the petition was untimely, and

5    thus, not properly filed.  (Mot., Ex. 4.)  *See Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011)

6    (no statutory tolling for petition rejected as untimely by California Supreme Court because

7    petition was not "properly filed;" the fact that California's timeliness rule frequently requires

8    consideration of diligence does not matter); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.

9    2007) (denial of state habeas petition with a pin citation to *In re Robbins*, 18 Cal. 4th 770, 780

10   (1998), which specifically discussed timeliness, was a clear denial on timeliness grounds and

11   therefore petition was neither "properly filed" nor "pending").  Accordingly, Petitioner's June

12   30, 2010 petition did not toll the statute of limitations.  Petitioner's remaining state habeas

13   petitions were all filed after the limitations period had already expired, and thus, could not have

14   extended the limitations deadline.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

15   ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

16   before the state petition was filed," even if the state petition was timely filed).

17        Petitioner also does not argue that he is entitled to equitable tolling.  The Supreme Court

18   has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.  *Holland*

19   *v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he

20   shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

21   circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation

22   marks omitted).  Once a petitioner is notified that his petition is subject to dismissal based on

23   AEDPA's statute of limitations and the record indicates that the petition falls outside the

24   one-year time period, the petitioner bears the burden of demonstrating that the limitation period

25   was sufficiently tolled under statutory or equitable principles.  *See Smith v. Duncan*, 297 F.3d

26   809, 814 (9th Cir. 2002).  Here, even though Petitioner was given notice that the petition was

27   subject to dismissal, and was provided an opportunity to respond, Petitioner failed to present any

28   argument as to why his petition should be considered timely.  Thus, he has not met his burden of

1    demonstrating that he is entitled to equitable tolling.

2           Finally, Petitioner asserts that he is actually innocent.  The Ninth Circuit has adopted an

3    "actual innocence" exception to AEDPA's one-year statute of limitations.  *See Lee v. Lampert*,

4    653 F.3d 929, 936-37 (9th Cir. 2011).  To fall within this exception, the petitioner must show "'it

5    is more likely than not that no reasonable juror would have convicted him in light of . . . new

6    evidence.'" *Id.* at 938 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  In the federal

7    petition, Petitioner claims the prosecutor committed misconduct by introducing information he

8    knew was false, and trial counsel rendered ineffective assistance by failing to conduct a proper

9    investigation.  The Court notes that both of these claims appear to have occurred pre-plea.

10   Nonetheless, in neither of these claims does Petitioner argue that he has discovered any  "new"

11   evidence.  The "actual innocence" exception is applicable only in the "extraordinary case," *see*

12   *id.*, and Petitioner fails to make the requisite showing.

13          Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[2]

14   **III.     CONCLUSION**

15          Respondent's motion to dismiss the petition is GRANTED.  The instant petition is

16   DISMISSED.  The Clerk shall terminate all pending motions and close the file.

17   **IV.     CERTIFICATE OF APPEALABILITY**

18          For the reasons set out in the discussion above, Petitioner has not shown "that jurists of

19   reason would find it debatable whether the district court was correct in its procedural ruling."

20   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is

21   DENIED.

22          **IT IS SO ORDERED.**

23   DATED:  ____5/16/13_____                    _____

24                                                               LUCY H. KOH
                                                                 United States District Judge

25

26

27

28          _____

             [2]  Because the Court is dismissing the petition on timeliness grounds, it is unnecessary to
     address Respondent's alternative argument that the petition is procedurally defaulted.