IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD,<br><br>                Petitioner,<br><br> vs.<br><br>MIKE MCDONALD, Warden,<br><br>                Respondent. | No. C 12-4556 LHK (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 12) |

      Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 sentence imposed by the Superior Court of Alameda County. The Court issued an order to show cause. In lieu of an answer, Respondent has filed a motion to dismiss the petition as untimely and procedurally defaulted. Petitioner has filed an opposition, and Respondent has filed a reply.[1] For the reasons stated below, the Court

---

    [1] Petitioner has also filed a request and a motion for the Court to take judicial notice. A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status). Here, Petitioner requests the Court take judicial notice of potential errors during his plea colloquy (doc. no. 16) and sentencing (doc. no. 17). The Federal Rules of Civil Procedure do not allow for judicial notice of this kind. *See* Fed. R. Civ. P. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly,

1  GRANTS Respondent's motion to dismiss the petition as untimely.

2  **I.      BACKGROUND**

On July 17, 2008, Petitioner pleaded guilty to stalking, and assault with a deadly weapon, with an enhancement for personal infliction of great bodily injury. (Mot. at 1-2.) Petitioner also admitted four prior convictions. (*Id.* at 2.) On August 22, 2008, the trial court sentenced Petitioner to a term of 17 years 8 months in state prison. (*Id.*; Pet. at 2.) Petitioner attempted to appeal by filing a certificate of probable cause, which was denied. (Mot. at 2.) Thus, Petitioner did not appeal.

On June 10, 2009, Petitioner filed his first state habeas petition in Superior Court, which was denied on August 25, 2009. (Mot. at 2, Ex.1.) Petitioner then filed a state habeas petition in the California Court of Appeal, which was denied on October 9, 2009. (*Id.*, Ex. 2.) Petitioner's state habeas petition, filed in the California Supreme Court, was denied on April 14, 2010. (*Id.*, Ex. 3.)

On June 30, 2010, Petitioner filed a second state habeas petition in Superior Court. (*Id.*, Ex. 4.) On August 27, 2010, the Superior Court denied it as untimely, successive, abusive, and for failure to state a claim. (*Id.*)

On March 22, 2012, Petitioner filed a third state habeas petition in Superior Court. (*Id.*, Ex. 5.) On May 16, 2012, the Superior Court again denied the petition as untimely, successive, abusive, and for failure to state a claim. (*Id.*)

On June 5, 2012, Petitioner filed a fourth state habeas petition in Superior Court. (*Id.*, Ex. 6.) On July 24, 2012, the Superior Court denied the petition as successive and abusive. (*Id.*)

On July 11, 2012, Petitioner filed a motion for permission to file a late notice of appeal. (*Id.*, Ex. 7.) On September 11, 2012, the California Court of Appeal construed Petitioner's motion as a state habeas petition, and denied it. (*Id.*)

On October 9, 2012, Petitioner filed a state habeas petition in California Supreme Court. (*Id.*, Ex. 8.) On December 12, 2012, the California Supreme Court denied it. (*Id.*)

---

Petitioner's request (doc. no. 16) and motion (doc. no. 17) for judicial notice are DENIED.

On August 30, 2012, Petitioner filed the underlying federal habeas petition.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-654 (2012). Here, Petitioner's conviction became final on October 21, 2008 – 60 days after his sentencing on August 22, 2008. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a). Thus, Petitioner had until October 21, 2009 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed on August 30, 2012, therefore, is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the

1   limitations period was tolled for 308 days – from June 10, 2009 through April 14, 2010.  Thus,
2   Petitioner's statute of limitations extended for 308 days, making Petitioner's new deadline
3   August 25, 2010.  Respondent argues, and the Court agrees, that Petitioner's next state habeas
4   petition, filed on June 30, 2010, did not toll the statute because the petition was untimely, and
5   thus, not properly filed.  (Mot., Ex. 4.)  *See Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011)
6   (no statutory tolling for petition rejected as untimely by California Supreme Court because
7   petition was not "properly filed;" the fact that California's timeliness rule frequently requires
8   consideration of diligence does not matter); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.
9   2007) (denial of state habeas petition with a pin citation to *In re Robbins*, 18 Cal. 4th 770, 780
10  (1998), which specifically discussed timeliness, was a clear denial on timeliness grounds and
11  therefore petition was neither "properly filed" nor "pending").  Accordingly, Petitioner's June
12  30, 2010 petition did not toll the statute of limitations.  Petitioner's remaining state habeas
13  petitions were all filed after the limitations period had already expired, and thus, could not have
14  extended the limitations deadline.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
15  ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended
16  before the state petition was filed," even if the state petition was timely filed).

17          Petitioner also does not argue that he is entitled to equitable tolling.  The Supreme Court
18  has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.  *Holland*
19  *v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he
20  shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
21  circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation
22  marks omitted).  Once a petitioner is notified that his petition is subject to dismissal based on
23  AEDPA's statute of limitations and the record indicates that the petition falls outside the
24  one-year time period, the petitioner bears the burden of demonstrating that the limitation period
25  was sufficiently tolled under statutory or equitable principles.  *See Smith v. Duncan*, 297 F.3d
26  809, 814 (9th Cir. 2002).  Here, even though Petitioner was given notice that the petition was
27  subject to dismissal, and was provided an opportunity to respond, Petitioner failed to present any
28  argument as to why his petition should be considered timely.  Thus, he has not met his burden of

demonstrating that he is entitled to equitable tolling.

Finally, Petitioner asserts that he is actually innocent. The Ninth Circuit has adopted an "actual innocence" exception to AEDPA's one-year statute of limitations. *See Lee v. Lampert*, 653 F.3d 929, 936-37 (9th Cir. 2011). To fall within this exception, the petitioner must show "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Id.* at 938 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In the federal petition, Petitioner claims the prosecutor committed misconduct by introducing information he knew was false, and trial counsel rendered ineffective assistance by failing to conduct a proper investigation. The Court notes that both of these claims appear to have occurred pre-plea. Nonetheless, in neither of these claims does Petitioner argue that he has discovered any "new" evidence. The "actual innocence" exception is applicable only in the "extraordinary case," *see id.*, and Petitioner fails to make the requisite showing.

Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[2]

## III. CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## IV. CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED:   5/16/13

LUCY H. KOH
United States District Judge

---

[2] Because the Court is dismissing the petition on timeliness grounds, it is unnecessary to address Respondent's alternative argument that the petition is procedurally defaulted.